(Pleito No. 80.—Fallado el 3 de Septiembre de 1900.)

## Pou contra Agrait.

Recurso contra sentencia dictada por el Tribunal de Distrito de Mayagüez.

Depósitos. En un pleito entablado por un individuo para obtener la devolución de un depósito entregado á otro individuo, no podrá alegar el deposi-

tario que le fué robada una cantidad de dinero, cantidad en la cual habían sido convertidos los primitivos billetes de banco que se le habían dado en calidad de depósito.

## SENTENCIA.

En la Ciudad de San Juan Bautista de Puerto Rico, á tres de Septiembre de mil novecientos, en el juicio seguido ante el Tribunal del Distrito de Mayagüez, entre partes, de la una, Don Rafael R. Pou López, y de la otra Don Nicolás Agrait Font, ambos vecinos de San Germán, sobre devolución de un depósito; pleito pendiente ante Nos en recurso de casación, por infracción de ley, interpuesto por el demandante, al que ha representado y defendido el Letrado Don Rafael López Landrón, habiendo llevado la representación y defensa del demandado el Abogado Don Rafael Palacios Rodríguez.—Resultando: Que previo acto de conciliación, sin resultado, Don Rafael Rosendo Pou López, con fecha siete de Diciembre del año próximo pasado, produjo demanda ante el Tribunal del Distrito de Mayagüez, en la que expuso como hechos: que en el mes de Mayo de mil ochocientos noventa y ocho entregó á Don Nicolás Agrait Font, en calidad de depósito, la cantidad de mil cuatrocientos pesos, en billetes del Banco Español de esta Isla, sin que le exigiera documento alguno por la ciega confianza que siempre le había merecido el depositario, quien fué tutor suyo; que Agrait debía devolverle esa suma en Enero de mil ochocientos noventa y nueve ó en cualquier otra fecha que al demandante conviniera, pues no contaba con otros bienes de fortuna, habiendo recibido de aquél, mediante órdenes libradas al efecto, diversas partidas, que ascendían á doscientos cuarenta y seis pesos noventa y ocho centavos, que dejaban reducido el depósito á mil ciento cincuenta y tres pesos dos centavos; que en la noche del veinte de Noviembre del citado año mil ochocientos noventa y ocho, le manifestó Agrait que se acababa de cometer un robo en su casa de comercio y que la caja de hierro donde guardaba sus caudales había desaparecido, con cuyo motivo

se instruyeron diligencias sumarias, en las que declaró Agrait que la cantidad robada eran mil seiscientos pesos en plata, y que esa suma pertenecía á éste; que por razones de delicadeza se abstuvo de reclamar á Agrait el depósito que creyó le entregaría espontáneamente, pero como pasaban meses y el depositario nada le indicaba, resolvió tener una entrevista con él, en la que expuso el Agrait que habiéndole sido robado el depósito, no podía responder del mismo y menos entregárselo, estando dispuesto á expedirle un documento por un plazo de dos años y por mitad de la cantidad depositada, pues Pou debía perder la otra mitad en atención á que no era justo que Agrait lo perdiera todo, proposición que rechazó Pou en atención á que según declaración de Agrait, la cantidad robada era de mil seiscientos pesos en plata y de su propiedad, sin que hubiera hecho mención del depósito de mil cuatrocientos pesos en billetes del Banco Español, no habiendo conseguido, á pesar de haberle escrito después, que Agrait cambiara de proceder, por lo que lo demandó en conciliación, aunque infructuosamente, pues no compareció al acto; é invocando como fundamentos de su derecho los artículos 1,101, 1,108, 1,254, 1,256, 1,261, 1,278, 1,758, 1,763, 1,766 y 1,767 del Código, Civil, y 307 del Código Mercantil, sin que sean aplicables los artículos 1,182 y 1,183 del primer cuerpo legal, por cuanto la cantidad objeto del depósito no se perdió ó desapareció á consecuencia del robo, sino que Agrait había dispuesto de ella, terminó suplicando, ejercitando al efecto la acción personal que le competía, fuera condenado Agrait á que devuelva ó restituya al demandante dentro de tercero día, la precisa cantidad de mil ciento cincuenta y tres pesos dos centavos en billetes del Banco Español de esta Isla ó en moneda provincial que era en deberle, como resto del depósito aludido, con expresa imposición de las costas del juicio al demandado.—Resultando: Que Don Nicolás Agrait y Font, contestó á la demanda que si bien era cierto que por el mes de Mayo de mil ochocientos noventa y ocho, le

entregó Don Rosendo Pou, de quien fué tutor, en depósito la cantidad de mil cuatrocientos pesos en billetes del Banco Español de esta Isla, de cuya suma tomó Pou en diferentes órdenes doscientos cuarenta y seis pesos noventa y ocho centavos, quedando por tanto reducido el depósito á mil ciento cincuenta y tres pesos dos centavos, que guardaba fielmente junto con el dinero de su tráfico en la caja de su casa de comercio, por temor á la depreciación de dichos billetes, con motivo de la guerra entre España y los Estados Unidos, verificó el canje de los mismos, en unión de otros de su propiedad que también tenía en caja, por indicación del mismo Pou, quedando así reducida á dinero la cantidad depositada, que siguió guardando en la repetida caja hasta la noche del veinte de Noviembre del predicho año, en que le fué robada la caja de hierro con todo el dinero que contenía, sobre cuyo hecho que constaba á Pou, se formó causa criminal, en la que fué condenado uno de los procesados, sin que sea cierto que haya hecho á Pou proposición alguna de pago, ni que le fuera desconocido el canje de los billetes; é invocando como fundamentos de derecho los artículos 1,766 y 1,182 del Código Civil y aun el 307 del Código de Comercio, por haberse perdido el depósito sin culpa suya y con motivo del robo de que fué víctima, terminó con la pretensión de que se le absolviera de la demanda, con las costas á cargo de la parte actora.—Resultando de las pruebas practicadas á instancia de Don Rafael Rosendo Pou: 1º Que según testimonio de las declaraciones prestadas por Don Nicolás Agrait y Font, con fecha veinte y uno de Noviembre y veinte y dos de Diciembre de mil ochocientos noventa y ocho, en el sumario instruído por el robo aludido, en la noche del veinte de Noviembre citado, le fué robada de su casa de comercio la caja de caudales que en ella había, y que contenía como un mil seiscientos pesos en plata provincial, estando también dentro de dicha caja sus libros de comercio, mayor y diario, únicos con que podría probar la existencia expresada, puesto que no comu-

nica á nadie sus operaciones, si bien Don Bonocio Gelpí y Don Juan Angel Tió podían expresar que hacía sus compras al contado, y que por tanto tenía metálico en caja, agregando que en los últimos días antes del hecho le hicieron pagos varios de sus marchantes, como Don Martín Paradís, quien le abonó á cuenta doscientos sesenta y cuatro pesos, y los otros, cantidades pequeñas de diez y doce pesos, más ó menos: 2º Que los testigos Don Américo Rosas, Don Pedro Rampolla, Don Miguel Homar y Don José Pou Cardona declaran haber visto una carta que Pou dirigió á Agrait sobre un depósito, de cuya carta fué portador el primero: 3º Que según afirma Don Antonio Ortiz Renta, éste entregó en depósito á Agrait cuatrocientos cuarenta y un pesos, que no le ha devuelto pretextando un robo que le habían hecho, sin que haya establecido reclamación alguna sobre el particular ; Y 4º Que al absolver posiciones Agrait, manifiesta que fué autorizado por Don Rafael R. Pou para el canje de los billetes del Banco Español por moneda provincial, el siete de Agosto de mil ochocientos noventa y ocho, sin que nadie presenciara tal autorización, y que como no se le preguntó por el Juzgado instructor del sumario, por robo, si era suyo el dinero robado, no explicó á quién pertenecía, reconociendo como suya una carta presentada por Pou en la que refiriéndose á otra de éste, sin fecha, le expresa que ya habían hablado cuanto tenía que decirle, y por consiguiente hiciera lo que á bien tuviera.—Resultando: De las pruebas suministradas por Don Nicolás Agrait: 1º Que en veinte y cinco de Junio de mil ochocientos noventa y nueve, la Corte de lo Criminal de Mayagüez dictó sentencia en causa criminal del Juzgado de San Germán por robo á Don Nicolás Agrait, condenando á Juan María Quiñones á la pena de seis años y un día de presidio mayor, accesorias, costas é indemnización al perjudicado de ocho mil pesetas, sin que ni en los resultandos ni en los considerandos se haga la más ligera indicación de Don Rafael Rosendo Pou como parte agraviada: 2º Que

los testigos Francisco Córdova, Pedro Rodríguez, Epifanio Corazones y Genaro García, declaran que en la noche de dicho robo, como agentes de policía, estuvieron practicando averiguaciones sobre el mismo, acompañándoles el Sr. Pou. 3º Que el testigo Emilio March declara que por orden de Agrait, de quien era dependiente, cambió mil y pico de pesos en billetes del Banco Español por plata provincial, por el temor de que dicho Banco retirara el canje, según se decía, á consecuencia del pánico producido por la invasión americana, explicando á repregunta del Abogado contrario, que la cantidad canjeada fué de mil veinte pesos, y rectificando luego á repregunta del Abogado de Agrait, que no recuerda precisamente la cantidad que canjeara: Y 4º Que Don Rafael Rosendo Pou, al absolver posiciones, confesó que cuando pedía dinero á Agrait del depósito que tenía en su poder, algunas veces lo sacaba de la caja, y en otras lo ignora, por que no se encontraba presente.— Resultando: Que el Tribunal de Distrito de Mayagüez dictó sentencia en veinte y nueve de Marzo último, por la que declaró sin lugar la demanda interpuesta, y absolvió de la misma á Don Nicolás Agrait y Font, condenando en todas las costas á Don Rafael Rosendo Pou.— Resultando: Que contra esa sentencia ha interpuesto Don Rafael Rosendo Pou recurso de casación por infracción de ley, autorizado por los números 1º y 7º del artículo 1,690 de la Ley de Enjuiciamiento Civil, y por la regla 79 de la Orden General de quince de Agosto último, fundándolo en los motivos siguientes: 1º Interpretación errónea y aplicación indebida de los artículos 1,278 y 1,280 del Código Civil, en relación con el 1,279 del mismo Código, toda vez que, estableciéndose por el 1,278 que los contratos serán obligatorios, cualquiera que sea la forma en que se hayan celebrado, siempre que en ellos concurran las condiciones esenciales para su validez, y por el 1,279 que si la ley exigiere escritura ú otra forma especial para hacer efectivas las obligaciones propias de un contrato, los contratantes podrán compe-

lerse recíprocamente á llenar aquella forma, desde que hubiese intervenido el consentimiento y demás requisitos necesarios para su validez, es claro que ni la escritura ni el documento privado son requisitos esenciales, ni su omisión quitó su fuerza obligatoria al contrato de depósito de que se trata, y que su cumplimiento pudo pedirse en juicio, con tanta más razón, cuanto que concurrieron en dicho contrato todos los requisitos esenciales para su validez, ó sean, capacidad de los contrayentes, consentimiento, objeto cierto y causa de la obligación, que enumera el artículo 1,261; y al no estimarlo así el Tribunal sentenciador, interpretó erróneamente los artículos 1,278 y 1,279, aplicó indebidamente el 1,280 y violó el 1,261, que se dejan citados.—2º Error de hecho en la apreciación de pruebas, porque en el testimonio de las declaraciones prestadas por Don Nicolás Agrait ante el suprimido Juzgado de Instrucción de San Germán, en la causa por robo, consta que aquél sólo hizo mención del dinero de su establecimiento, y no del depósito de Pou, á quién no se recibió declaración, como era natural que se hubiera hecho, si Agrait hubiera manifestado que en los momentos del robo estaba en su caja el dinero del depósito, habiendo además confesado en el acto del juicio oral civil, que al declarar en dicha causa, no dió cuenta de que en la caja robada se hallaba la suma reclamada por Pou, lo cual demuestra que esa suma no se hallaba en caja, y si no estaba en ella, es de presumirse que Agrait había dispuesto anteriormente de la misma; presunción legal, que viene á fortalecerse por la declaración del expediente de Agrait, quien espuso ante el Tribunal que los billetes del Banco canjeados por plata provincial, no excedían de mil veinte ó mil veinte y dos pesos, poco más ó menos, pues no se explica que fueran canjeados mil veinte pesos nada más de los mil ciento cuarenta y tres pesos, debe decir mil ciento cincuenta y tres, como no sea por la presunción de que el repetido Agrait hubiera sacado el depósito y dispuesto del remanente, por todo lo cual el Tribunal sentenciador ha incurrido en evidente

equivocación al asegurar que no existe prueba alguna demostrativa de que el depósito no se hallara en la caja de caudales del demandado, error de hecho tanto más fácil de determinar cuanto que resulta de documentos fehacientes traídos al juicio.—3.º   Error de derecho en la apreciación de las pruebas, con infracción del artículo 1,232 del Código Civil, que ordena que la confesión hace plena prueba contra su autor, por cuanto Agrait declaró en la causa criminal que lo robado era suyo, sin hacer mención del depósito de Pou, confirmando más tarde ese hecho al absolver posiciones en el (presente juicio, habiéndose infringido además el artículo 1,218 del propio Código, toda vez que dicho Tribunal ha hecho caso omiso del valor y fuerza  probatoria del testimonio de las declaraciones prestadas por Agrait en la causa criminal, á pesar de tratarse de documentos públicos y solemnes que, según la citada disposición legal, hacen plena prueba, aun contra tercero, del hecho, en ellos expresado.—4.º   Aplicación indebida del artículo 1,094 del repetido Código Civil, por cuanto al canjear Agrait una parte del dinero de Pou, sin consentimiento de éste, se extralimitó del cumplimiento de sus deberes de depositario, puesto que si tenía motivos para no conservar el depósito, pudo restituirlo al depositante, como previene el artículo 1,776 que por tal razón resulta también infringido.— 5.º   Aplicación errónea de los artículos 1,182 y 1,183 del Código Civil, puesto que la obligación de devolver la cosa depositada no quedó extinguida, respecto de Agrait, por la pérdida ó el robo de la caja, en la que ya no existía el depósito, por haber dispuesto Agrait del dinero de Pou y canjeado una parte de él, siéndole imputable por tanto la culpa con estricta sujeción á la prueba de la parte actora.—Y 6.º   Error cometido en la apreciación aislada de la sentencia que, en veinte y cinco de Junio del año próximo pasado, fué dictada en la causa por robo de la caja de caudales del demandado, toda vez que el hecho del robo y la condena de determinada persona, á consecuencia del mismo, no son bas-

tantes para dar por supuesta la sustracción del depósito de Pou en el instante mismo del robo, cuando existe prueba en contrario.—Visto: Siendo Ponente el Juez Asociado Don José C. Hernández.—Considerando: Que las pruebas practicadas en el juicio no demuestran que el depósito de cuya devolución se trata, fuera robado con la caja de caudales de Don Nicolás Agrait, pues éste, al declarar en el sumario instruído con tal motivo, ni siquiera indicó que estuviera en aquélla dicho depósito, no obstante habérsele presentado ocasión para ello al tratar de justificar la existencia de valores que allí guardaba; en la sentencia dictada en la mencionada causa, aunque se declara probado el hecho del robo de mil seiscientos pesos á Agrait, no se dice que estuviera incluído en ellos el depósito de Pou, y ántes por el contrario, el autor conocido del robo fué condenado á restituir aquella suma al perjudicado, ó sea á Agrait, que era el que aparecía como tal; el mismo dependiente de Agrait que ha declarado en el juicio, si bien afirma canjeó por moneda provincial, billetes del Banco Español, que al efecto le entregó su principal en cantidad de mil y pico de pesos, no asegura que tales billetes fueran del depósito de Pou, ni tampoco éste al absolver posiciones confiesa que las partidas de dinero que recibió de Agrait procedieran del repetido depósito, por más que fueran á cargo de éste; ni por último, el hecho que el Tribunal estima muy lógico de que Agrait guardara en sitio seguro, como su caja de caudales, las cantidades que tuviera de importancia, envuelve la presunción de que el dinero estuviera en caja, pues tal presunción tendría fuerza si se probara que Agrait conservaba realmente en su poder el dinero del depósito, lo que no se ha justificado, por cuyas razones el Tribunal sentenciador, al apreciar las pruebas del juicio en la forma en que lo ha hecho, ha incurrido en los errores de hecho y de derecho que se apuntan en los motivos 2º, 3º y 6º del recurso, estimando probado lo que no lo está, ó sea el robo del depósito, cuya devolución reclama Don Rafael R. Pou.—Considerando: Que no habiendo justifi-

cado Don Nicolás Agrait que el depósito le fuera robado con la caja de caudales, se impone como consecuencia forzosa de ello la obligación de restituirlo al demandante, conforme los artículos 1,182 y 1,183 del Código Civil, invocados en el 5º motivo del recurso, y que han sido infringidos por consecuencia de la errónea apreciación de las pruebas, como también han sido infringidos los textos legales que se citan en el primer motivo, por cuanto al convenir, como convino Agrait, en la existencia del contrato de depósito, sin impugnar su eficacia legal, aceptó *ipso-facto* las consecuencias del mismo, y quedó sujeto á todas las obligaciones que le son anexas, de las cuales únicamente podía eximirse justificando la excepción alegada de robo de dicho depósito, la que no ha comprobado, según se deja expuesto, no siendo necesario entrar en el examen del 4º motivo de casación, consistente en la supuesta extralimitación por parte de Agrait de sus deberes de depositario al canjear por plata provincial los billetes depositados por Pou, toda vez que no hay pruebas de que tal canje se efectuara, ni de que su equivalente en plata se depositara en la caja robada.—Fallamos: Que debemos declarar y declaramos haber lugar al recurso de casación interpuesto por Don Rafael Rosendo Pou, y en su consecuencia, casamos y anulamos la sentencia dictada por el Tribunal de Distrito de Mayagüez, en veinte y nueve de Marzo último, sin especial condena en las costas de dicho recurso; y con certificación de esta sentencia y de la que á continuación se dicta, devuélvanse los autos al expresado Tribunal, á los fines procedentes.—Así por esta nuestra sentencia, que se publicará en la *Gaceta Oficial* lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—José Mª Figueras.—Louis Sulzbacher.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Juez Asociado del Tribunal Supremo Don José C. Hernández, celebrando audiencia pública dicho Tribunal en

el día de hoy, de que como Secretario certifico en Puerto Rico á tres de Septiembre de mil novecientos.—E. de J. López Gaztambide.